**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dario Raygoza,<br><br>            Plaintiff,<br><br>vs.<br><br>Etelecare Global Solutions/Stream,<br><br>            Defendant. | No. CV-11-597-PHX DGC<br><br>**ORDER** |

Plaintiff filed a pro se complaint against Defendant in state court. Doc. 1-3. Defendant removed the case to this Court. Doc. 1. For reasons that follow, the case will be remanded.

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441, a defendant "may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see* 28 U.S.C. §§ 1331, 1332. Defendant's notice of removal asserts both federal question and diversity jurisdiction. Doc. 1 at 2.

"It is to be presumed that a cause of action lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (citations omitted). As explained more

fully below, Defendant has not met its burden.

## I.  Federal Question Jurisdiction.

The Court has subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. Defendant notes that complaint alleges sexual harassment and retaliation (Doc. 1-3 at 2), and that Plaintiff has filed a charge of discrimination with the EEOC. Doc. 1 at 2. But nowhere does the complaint assert a claim under Title VII or any other federal law.

It is well established that federal question jurisdiction exists only where the "*complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis added). Stated differently, "[t]he federal question 'must be disclosed upon the face of the complaint unaided by the answer or petition for removal.'" *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). Because Plaintiff's claims for sexual harassment and retaliation, as pled, do not depend on resolution of any issue of federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

## II.  Diversity Jurisdiction.

Federal courts possess diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The complaint does not demand a dollar amount. *See* Doc. 1-3 at 2. When a plaintiff institutes a case in state court, "there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (citations omitted). Thus, "the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376; *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Because Plaintiff's annual salary at the time of his termination was approximately $25,000, Defendant asserts, "Plaintiff's recovery (including lost wages and emotional distress damages) *could* exceed $75,000." Doc. 1 at 2 (emphasis added). To meet its burden, however, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). That is, where "it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis in original). The defendant bears the burden of proving such facts "in the removal petition itself." *Id.* at 567. Defendant's assertion that the amount in controversy "could" exceed $75,000, without identifying "any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand[.]" *Id.* (citation omitted).

## III. Remand Summary.

Courts strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. *Gaus*, 980 F.2d at 566. This strong presumption against removal means that the defendant always has the burden of establishing that removal is proper, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Defendant has failed to meet its high burden. The Court therefore will remand the case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) (the case shall be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *see also Matheson*, 319 F.3d at 1090 (courts "have an ongoing obligation to be sure that jurisdiction exists"); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (courts "may dismiss *sua sponte* if jurisdiction is lacking").

**IT IS ORDERED** that the Clerk is directed to **remand** this case to state court.

Dated this 26th day of May, 2011.

```
_____
        David G. Campbell
    United States District Judge
```